604 A.2d 700

COMMONWEALTH of Pennsylvania, Appellee,

v.

Jesse ESKRIDGE, Appellant.

Supreme Court of Pennsylvania.

Submitted March 4, 1991.

Decided March 19, 1992.

388

LeAnn R. Canter, Office of Public Defender, Beaver, for appellant.

Theresa Ferris Dukovich, Dist. Atty., Ahmed Aziz, Asst. Dist. Atty., Beaver, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

OPINION OF THE COURT

FLAHERTY, Justice.

■ Appellant Jesse Eskridge was convicted of homicide by vehicle while driving under the influence and related charges, and was sentenced to prison for a term of three to seven years. Superior Court affirmed the judgment of sentence. 387 Pa.Super. 647, 559 A.2d 961. The issue is whether a district attorney whose private law partners represented the victims of the accident in civil suits against the defendant had a clearly impermissible conflict of interest prohibiting him from prosecuting the defendant criminally. We hold that the conflict of interest should have precluded the district attorney from prosecuting appellant, and reverse the judgment of sentence.

The criminal charges arose out of a single vehicle accident which occurred while appellant was transporting three passengers: Carole Miller, who was killed in the accident, Karen Brown, and Riley Hines. Carole Miller's personal representative and Riley Hines engaged the law firm of Duplaga, Tocci, Palmieri, McMillen & Urick to represent them in civil suits against appellant. Beaver County District Attorney Edward J. Tocci is a member of the firm as are Palmieri and McMillen, who are assistant district attorneys under Tocci. Palmieri and McMillen filed negligence actions against appellant while the criminal prosecution was pending in the district attorney's office. District Attorney Tocci did not handle the prosecution personally, but delegated it to his assistant Dale Fouse; nevertheless, Fouse remained subject to the district attorney's guidance, control, and supervision.

Clearly, the successful criminal prosecution of appellant would have facilitated the prosecution of the civil actions. It is therefore apparent that the district attorney, Edward J. Tocci, had a direct financial interest in obtaining a conviction in appellant's case.

The conflict is due to the distinct role of a criminal prosecutor, who, unlike a private attorney, must exercise

independent judgment in prosecuting a case and "has the responsibility of a minister of justice and not simply that of an advocate." Rule of Professional Conduct 3.8, Comment. While a private attorney must "act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf," Rule of Professional Conduct 1.3, Comment, a prosecutor must abandon the prosecution if, in his professional judgment, justice will be promoted by doing so.

The evil inherent in this situation is precisely that which Judge Hoffman described as follows:

> The situation is too ripe, however, with potential abuse: *an attorney would be hard-pressed to abandon prosecution of a defendant when a criminal conviction would be proof of the alleged tort in the civil suit;* the attorney would be free to use public resources to rout out additional evidence against the criminal defendant, a pursuit based not necessarily on the prosecutor's view of the social importance of the case, but solely on the private interest which he and his client have in the case. A defendant does not have a right not to be prosecuted; he does, however, have a right to have his case reviewed by an administrator of justice with his mind on the public purpose, not by an advocate whose judgment may be blurred by subjective reasons.

*Commonwealth v. Dunlap,* 233 Pa.Super. 38, 46, 335 A.2d 364, 368 (1975) (Hoffman, J. dissenting) (emphasis added). The order of the Superior Court in *Dunlap* was affirmed by an equally divided Supreme Court. In the opinion in support of reversal, the late Mr. Justice Roberts wrote:

> A district attorney's professional responsibility is to seek justice—to protect the innocent as well as to convict the guilty. A private attorney, however, has an obligation to zealously represent his client and to seek to resolve all questions in favor of his client. Because the professional responsibilities of a district attorney and a private attorney differ, anytime a district attorney represents the

victim in a civil suit at the same time that he is prosecuting the defendant, a conflict of interest exists.

*Commonwealth v. Dunlap*, 474 Pa. 155, 158–59, 377 A.2d 975, 976 (1977) (Roberts, J., opinion in support of reversal). In addition, any prejudice suffered by a defendant due to such a conflict would not normally be susceptible to proof.

Everyone involved in the criminal proceedings perceived the conflict. When the issue of the conflict of interest was raised in the trial court, the district attorney's office fully agreed with appellant's defense counsel that the problem was real. The trial judge stated on the record that he had spoken to District Attorney Tocci by telephone and that "Mr. Tocci recognizes that there is a problem with respect to his private law firm representing the witness in a civil litigation and has no desire to become involved in a dispute with respect to whether or not his office should be prosecuting this case and has indicated a willingness to recuse and request the Attorney General to undertake the prosecution." (T.T. at 8.) The actual prosecutor, Mr. Fouse, stated that "my concern, frankly, is the fact that Rule 1100 is something that needs to be taken into account. We agree that the Attorney General's office should be asked to come in." (T.T. at 9.) This court agrees that the ethical conflict is quite clear.

Assistant District Attorney Fouse's only opposition to the defense motion was his tautological observation that "Rule 1100 is something that needs to be taken into account." (T.T. at 9.) Rule 1100 is something that needs to be taken into account in *every* criminal case. The testimony did not indicate that there was a speedy trial problem. If there was, it was a problem created by the district attorney's office; there is no difficulty in referring a case to the state attorney general's office for prosecution. 71 P.S. § 732–205(a)(3).

Before appellant's trial, he was given a choice: he could have a speedy trial or an impartial prosecutor, but not both. He was, with cryptic generosity, permitted to choose which right to waive: he could abandon his constitutional right to

a speedy trial or his constitutional right to an impartial prosecutor. Faced with this Hobson's choice, his defense counsel stated, "I can't in good conscience agree to any waiver of his rights [under the 180–day rule]." (T.T. at 10.) As a result, appellant abandoned his right to an impartial prosecutor, and was prosecuted by a district attorney who had a direct financial interest in obtaining a criminal conviction.

█ We hold that a prosecution is barred when an actual conflict of interest affecting the prosecutor exists in the case; under such circumstances a defendant need not prove actual prejudice in order to require that the conflict be removed. The order of the Superior Court must be reversed and the judgment of sentence vacated.

Order reversed; judgment of sentence vacated; case remanded for new trial.

CAPPY, J., joins this opinion and files a concurring opinion.

ZAPPALA, J., concurs in the result.

NIX, C.J., files a dissenting opinion which is joined by PAPADAKOS, J.

CAPPY, Justice, concurring.

I join in the majority opinion authored by Mr. Justice Flaherty. I write separately to query as to why the elected public official, Edward J. Tocci did not resolve this obvious conflict by requiring his private law firm to withdraw from the civil litigation. Instead, he offered to withdraw as district attorney and requested the intervention of the Office of Attorney General, an offer which, in my view, was not only inappropriate, but also extremely costly in terms of public dollars.

I am of the opinion that once elected to office, a public servant's obligation is to the public interest, which must take precedence over any private interest that may be at stake.

NIX, Chief Justice, dissenting.

I remain committed to the view reflected by my position in *Commonwealth v. Dunlap*, 474 Pa. 155, 377 A.2d 975 (1977). In these matters we should not introduce the concept of presumed prejudice. To do so would be an elevation of form over substance. The standard requiring actual prejudice is more than ample to protect the rights of the defendant.

I would add that the majority's characterization of the defendant's choosing between an impartial prosecutor and a speedy trial as a "Hobson's Choice" improperly impugns the District Attorney. There is no evidence of actual prejudicial conduct; furthermore, the District Attorney offered to recuse himself and to request the Attorney General to prosecute the case. The record does not indicate that it would have been necessarily impossible for the Attorney General's office to prosecute this case within the proscribed limits of Rule 1100; instead the District Attorney's office merely noted that there *could be* a Rule 1100 problem. These facts do not justify the majority's concerns.

In identifying this problem, the District Attorney simply attempted to protect the interest of the prosecution. In so doing, he raised the possibility of the case being time-barred because of his efforts to accommodate the wishes of the defense. In making this suggestion, there was no implication that the District Attorney intended to use the possible delay to the prejudice of the defendant, nor is there any evidence on this record to show that the defendant would in fact have been prejudiced.

The defense, having refused this reasonable offer, cannot now complain. Absent the assertion of actual prejudice, which is not present in this case, the District Attorney's participation in this matter should not form a basis for a claim of error.

PAPADAKOS, J., joins in this dissenting opinion.