609 A.2d 175

COMMONWEALTH of Pennsylvania

v.

Donald Joseph KELLY, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 10, 1991.

Filed May 12, 1992.

Reargument Denied July 15, 1992.

Thomas A. Crawford, Jr., Pittsburgh, for appellant.

Christian A. Fisanick, Asst. Dist. Atty., Barnesboro, for Com.

Before ROWLEY, President Judge, and KELLY and CERCONE, JJ.

ROWLEY, President Judge.

In this appeal from the judgment of sentence entered in the Court of Common Pleas of Cambria County, Donald Joseph Kelly raises fifteen issues, one of which we will address, namely, whether he is entitled to a new trial because a member of his jury was a convicted felon and therefore statutorily disqualified to serve as a juror. After reviewing the applicable statutory and case law, we must vacate the judgment of sentence and remand the case for a new trial.

Appellant was charged with first-degree murder for the shooting death of his ex-girlfriend's new boyfriend. During voir dire, each prospective juror completed a questionnaire, under oath. One of the questions asked was whether the prospective juror had ever been convicted of a crime. Mr. William Thomas, Jr., one of appellant's jurors, answered this question in the negative. However, it was subsequently learned that Mr. Thomas had two convictions for crimes punishable by more than one year imprisonment, which rendered him unqualified to serve as a juror under Pennsylvania law.

At the post-trial hearing, Mr. Thomas was called to testify. He stated that although he had been convicted of crimes in the past, he did not lie on the questionnaire. Mr. Thomas explained the inconsistency in the following manner: "See, this has been quite a few years back.[1] Since that time I had joined the church and became a citizen of Christ. Now, you know, all your sins are forgiven when you ask for them, so I didn't consider this as—I didn't have any regrets about saying no, because ... my sins was [sic] forgiven." Hearing Transcript, 7/6/90, at 6 (footnote added). Mr. Thomas further stated that he had answered "no" to the same question on job applications, including one with

1. Mr. Thomas was convicted of burglary in 1947 and entered guilty pleas to charges of aggravated assault and battery in 1956.

Federal Armored Express, and that during the course of a background check, his criminal record had not been discovered.

After the post-trial hearing, the trial court determined that appellant was not entitled to a new trial. For the following reasons, we disagree.

The legislature has provided the following criteria for juror qualifications:

Every citizen of this Commonwealth who is of the required minimum age for voting for State or local officials and who resides in the county shall be qualified to serve as a juror therein unless such citizen:

\* \* \* \* \* \*

(3) has been convicted of a crime punishable by imprisonment for more than one year and has not been granted a pardon or amnesty therefor.

42 Pa.C.S. § 4502. Clearly, under Pennsylvania statutory law, Mr. Thomas was unqualified to be a juror. We therefore must determine whether Mr. Thomas's presence on the jury is grounds for reversal.

In its opinion, the trial court cited the case of *Commonwealth v. Aljoe*, 420 Pa. 198, 216 A.2d 50 (1966), for the proposition that a challenge to the qualifications of a juror cannot successfully be asserted after the jury is sworn, unless the juror intentionally misleads or deceives the defendant. The trial court further determined that because Mr. Thomas's qualifications were not challenged until after the trial, the relevant question was whether he intentionally misled or deceived appellant. Answering this question in the negative, the court found that because Mr. Thomas "explained that all of his sins had been forgiven thirty years ago when he became a Born Again Christian[,] ... [he] believes he answered the jury questionnaire truthfully—he did not intend to mislead or deceive the defendant." Trial Court Opinion, 4/15/91, at 12. The trial court also held that because appellant did not show that he was prejudiced by Mr. Thomas's service, the error was harmless.

In *Aljoe*, the applicable statutory provision relating to the qualifications of jurors required only that jurors be sober, intelligent, and judicious persons. Therefore, the Supreme Court in *Aljoe* determined that the misdemeanor conviction of the challenged juror did not cause him to be ineligible for jury service under the statutory or decisional law of the state. In the present case, however, Mr. Thomas was statutorily disqualified to be a juror. Therefore, *Aljoe* is not controlling in the present case.

Even if *Aljoe* were controlling in this case, our disposition would not be altered. The intent to mislead test has been applied where defense counsel has failed to ask the relevant questions, or defense counsel asked ambiguous questions. *See Commonwealth v. Dombek*, 268 Pa. 262, 110 A. 532 (1920); *Commonwealth v. Didyoung*, 369 Pa.Super. 346, 535 A.2d 192 (1988); *Commonwealth v. Stark*, 363 Pa.Super. 356, 526 A.2d 383 (1987), *allocatur denied*, 517 Pa. 622, 538 A.2d 876 (1988). Under these circumstances, defendants were not entitled to relief, because the jurors did not intentionally mislead them, but rather, had no cause to provide the information, because the question was not asked or because the jurors did not understand an ambiguous question.

In the present case, the unambiguous question was asked, and Mr. Thomas, with full understanding of the meaning of the question, answered it falsely. Although the trial court's factual finding that Mr. Thomas did not intend to mislead or deceive is entitled to deference, "have you ever been convicted of a crime?" is not a subjective question. Mr. Thomas knew that he had been convicted of crimes and answered the question falsely. Mr. Thomas's belief that he has been forgiven for his sins does not alter the fact that he had been convicted of crimes. His belief that the absolution of his sins somehow expunged his criminal record was not reasonable and will not defeat appellant's claim for relief.

Finally, we do not agree that appellant must show prejudice in order to be eligible for relief. Recently our Supreme Court held that where the prosecutor in a criminal case is

affected by a conflict of interest, the defendant need not prove actual prejudice in order to have the conflict removed. *Commonwealth v. Eskridge*, 529 Pa. 387, 604 A.2d 700 (1992). The Court reasoned that "any prejudice suffered by a defendant due to such a conflict would not normally be susceptible to proof." *Id.*, 529 Pa. at ——, 604 A.2d at 702.

Similarly, we believe that it would be virtually impossible for a criminal defendant to prove that a juror's prior conviction prejudiced his trial. The potential for prejudice is apparent, however, and the legislature has disqualified those persons who are presumptively unable to render fair and competent service. Because appellant has shown that an unqualified person served on the jury which convicted him, and because any prejudice suffered by appellant would not be susceptible to proof, we conclude that appellant need not prove actual prejudice before a new trial will be granted.

For the above reasons, we conclude that the trial court erred in denying appellant's motion for a new trial. We therefore vacate the judgment of sentence and remand for a new trial.

Judgment of sentence vacated and case remanded for a new trial. Jurisdiction is relinquished.