J-S15040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY J. MARSALIS, | |
| Appellant | No. 512 EDA 2014 |

Appeal from the PCRA Order January 24, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.: CP-51-CR-0200221-2006
CP-51-CR-1301741-2006
CP-51-CR-1303796-2006

BEFORE:  BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 07, 2016**

Appellant, Jeffrey J. Marsalis, appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The facts and protracted procedural history of this case are as follows:

> Appellant was charged under ten criminal informations, each with a different complainant, with rape, aggravated indecent assault, sexual assault, and related charges, for incidents occurring between January 2003 and October 2005. Appellant allegedly met almost [all] of these victims by contacting them on the dating website, Match.com, and in each of these cases, it was alleged that: Appellant had falsely and variously represented to his victims that he was a doctor, medical resident, CIA operative, White House staffer, NASA

---

[*] Retired Senior Judge assigned to the Superior Court.

surgeon, or astronaut; Appellant and his victims went to bars; upon returning from the restroom, the victims consumed alcoholic drinks that were already on the table; the victims had no memory of what occurred after consuming these drinks; some victims awoke momentarily in bed as Appellant was penetrating them with his penis, felt disorientated or sluggish and unable to fight off Appellant, and lost consciousness again; all the victims awoke in bed naked next to a naked Appellant with no memory of how they arrived there; all the victims felt sedated or groggy the following day.

Upon a motion by the Commonwealth, the trial court consolidated the cases, and trial commenced in March 2007. The Commonwealth presented the testimony of seven victims as well as that of Appellant's ex-fiancée. The jury found Appellant guilty of two counts of sexual assault, one at docket CP-51-CR-1303796-2006 and one at CP-51-CR-1301741-2006. The jury was hung as to unlawful restraint under docket CP-51-CR-0200221-2006, and found him not guilty of all remaining charges. Appellant subsequently pleaded no contest to the unlawful restraint charge.

A hearing was held on October 12, 2007 to determine whether Appellant was a sexually violent predator. The court found that he was, and imposed an aggregate sentence of 10½ to 21 years' imprisonment, which consisted of two consecutive five to ten year terms for the sexual assault convictions, and a consecutive six to twelve month term for unlawful restraint. Appellant's motion to reconsider was denied, and Appellant filed a timely notice of appeal.

(*Commonwealth v. Marsalis*, No. 2920 EDA 2007, unpublished memorandum at *1-2 (Pa. Super. filed July 1, 2009)).[1]

_____

[1] Appellant's direct appeal challenged his convictions at Docket Nos. CP-51-CR-1303796-2006 and CP-51-CR-1301741-2006; his conviction at Docket No. CP-51-CR-0200221-2006 was not a part of his direct appeal. (*See Marsalis*, *supra* at *1; PCRA Court Opinion, 7/14/14, at 29).

On July 1, 2009, this Court affirmed Appellant's judgment of sentence. (**See id.** at *1). Appellant did not file a petition for allowance of appeal in our Supreme Court.

On July 27, 2010, Appellant filed a counseled PCRA petition alleging ineffective assistance of counsel and a due process violation.[2] Appellant retained new counsel, who filed an amended petition on June 25, 2012. After the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1), Appellant, acting *pro se*, simultaneously filed a response and a supplemental amended PCRA petition on May 30, 2013. Counsel for Appellant filed a motion to withdraw on June 13, 2013, and the following day, Appellant, acting *pro se*, filed an amended response to the Rule 907 Notice and a second

---

[2] The PCRA petition pertains to Appellant's convictions at all three docket numbers. (**See** PCRA Petition, 7/27/10, at 1). His judgment of sentence with respect to his convictions at Docket Nos. CP-51-CR-1303796-2006 and CP-51-CR-1301741-2006 became final on July 31, 2009, when his time to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. **See** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, his PCRA petition, filed within one year from that date, was timely with respect to these convictions. **See** 42 Pa.C.S.A. § 9545(b)(1).

However, Appellant's judgment of sentence with respect to his plea of no contest at Docket No. CP-51-CR-0200221-2006 became final on November 12, 2007, when his time to file a timely direct appeal expired. **See** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3); 1 Pa.C.S.A. § 1908. Therefore, his PCRA petition, filed on July 27, 2010, more than two and a half years after his judgment of sentence became final, is untimely with respect to this case. **See** 42 Pa.C.S.A. § 9545(b)(1); (**see also** PCRA Ct. Op., at 29).

supplemental amended PCRA petition. On June 25, 2013, Appellant filed *pro se* motions seeking recusal of the PCRA court judge and disqualification of the Philadelphia County District Attorney's office from the proceedings.

On July 11, 2013, following a **Grazier**[3] hearing, the PCRA court permitted counsel to withdraw and Appellant to proceed *pro se*. The court also denied, by oral bench order, Appellant's motions for recusal and disqualification. The court granted Appellant's request for leave to amend the PCRA petition, and he filed an amended petition on November 22, 2013.[4] The court issued another Rule 907 Notice on December 5, 2013. Appellant filed a response on January 23, 2014, in which he requested that the court again grant him leave to file another amended petition. On January 24, 2014, the PCRA court entered its order dismissing Appellant's PCRA petition. This timely appeal followed.[5]

Appellant raises the following questions for our review:

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

[4] Appellant's amended PCRA petition includes a plethora of claims alleging ineffective assistance of trial, direct appeal, and PCRA counsel. (**See** PCRA Petition, 11/22/13, at 5-7, 12-14). It also includes a request for leave to engage in discovery to obtain the medical records of victims A.A. and A.R. (**See id.** at 19 ¶ 47); **see also** Pa.R.Crim.P. 902(E)(1).

[5] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. It filed an opinion on July 14, 2014, in which it comprehensively discussed fourteen issues. **See** Pa.R.A.P. 1925; (**see also** PCRA Ct. Op., at 5-32).

I. Whether the PCRA court erred as a matter of law and/or abused its discretion in denying and/or otherwise dismissing Appellant's PCRA without a hearing, where Appellant's claims, if proven, would entitle him to relief?

II. Whether the PCRA court erred as a matter of law and/or abused its discretion in denying and/or otherwise dismissing Appellant's PCRA without taking dispositive action on Appellant's request for leave to amend his claims relating to Docket No.: CP-51-CR-02002211-2006, (as submitted for filing on or about January 19, 2014), to include a previously unknown claim of obstruction/denial of Appellant's right to appeal, and also, to expressly invoke the exception provisions of 42 Pa.C.S. § 9545(b)(1)(i) and (b)(1)(ii)?

III. Whether the PCRA court erred as a matter of law and/or abused its discretion in denying and/or otherwise dismissing Appellant's PCRA without granting Appellant leave to engage in limited discovery to obtain medical records of complainants A.A. and A.R. for the period of 1 year before the incidents giving rise to their respective allegations against Appellant and 6 months thereafter where said discovery was necessary in order to provide Appellant with a fair and meaningful opportunity to substantiate his claims that, had trial counsel conducted a reasonably thorough investigation, it would have been determined that:

> (A) Complainant A.A., was afflicted with a medical condition that would have explained why she could not drink alcohol without experiencing symptoms similar to those she described in her trial testimony and which the Commonwealth theorized was the result of A.A. having been drugged by Appellant; and

> (B) Complainant A.R., was afflicted with a medical condition for which she was taking Vicodin, which is a mixture of acetaminophen and hydrocodone, and when mixed with alcohol, is known to cause symptoms consistent with those described by A.R. during her trial testimony and which the Commonwealth theorized was the result of A.R. having been drugged by Appellant[?]

IV. Whether the PCRA court erred as a matter of law and/or abused its discretion in denying Appellant's June 25, 2013 motion for disqualification of the district attorney's office, where said disqualification was necessitated by an obvious "personal interest" conflict wherein, both prior to and during her testimony during Appellant's trial, one of the complaining witnesses against Appellant, [M.S.], was employed as a assistance [sic] district attorney with the Philadelphia County District Attorney's Office?

V. Whether the PCRA court erred as a matter of law and/or abused its discretion in denying Appellant's June 25, 2013 motion for recusal of trial judge, where during the course of trial and sentencing proceedings, said trial judge, Steven R. Geroff, J., evidenced an overall bias against Appellant so as to call his objectivity into question, thereby creating an appearance of impropriety?

(Appellant's Brief, at 4-5) (most capitalization omitted).[6]

We begin by noting our well-settled standard of review. In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. However, this Court reviews the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citations

and quotation marks omitted).

---

[6] We note that we have received and considered Appellant's *pro se* reply brief, for which we previously granted an extension of time for filing. The outstanding motions Appellant filed related to the brief's timeliness and length are hereby dismissed as moot. (**See** Motion for Acceptance of Reply Brief as Timely Filed, dated 2/10/16, filed 2/19/16; Motion for Permission to File Reply Brief Exceeding Word Limit, dated 2/10/16, filed 2/19/16).

In his first issue, Appellant contends that the PCRA court erred in summarily dismissing his petition without an evidentiary hearing where his claims are meritorious and a hearing would allow him to develop further their factual bases. (*See* Appellant's Brief, at 18-28). In support of this issue, he cites various "example[s]" of his myriad claims of ineffective assistance of counsel, arguing that trial counsel was ineffective in: failing to conduct a thorough pretrial investigation of the medical backgrounds of the alleged victims; failing to seek disqualification of the Philadelphia County District Attorney's Office because of a conflict of interest; and improperly advising him to enter a plea of no contest to the charge of unlawful restraint. (*Id.* at 19; *see id.* at 19-20, 22). This issue is waived and would not merit relief.

First, Appellant's varied arguments regarding ineffective assistance of trial counsel are waived, because they are not contained in, or fairly suggested by, his explicit statement of questions for review. *See* Pa.R.A.P. 2116(a); *see also Commonwealth v. McCullough*, 86 A.3d 901, 904 n.4 (Pa. Super. 2014), *appeal denied*, 94 A.3d 1008 (Pa. 2014); (Appellant's Brief, at 4). Furthermore, Appellant's arguments consist of a rambling set of "examples" of his numerous ineffectiveness claims, and are not developed as distinct issues supported by cogent legal argument and pertinent authority. His arguments are waived for this reason as well. *See* Pa.R.A.P. 2119(a)-(b); *see also Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (although Court willing to

construe *pro se* materials liberally, *pro se* litigants must comply with procedural rules).

Moreover, it is well-settled that a PCRA petitioner is not automatically entitled to an evidentiary hearing. **See Miller**, **supra** at 992. We review a PCRA court's decision to dismiss a petition without a hearing for an abuse of discretion. **See id.**

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.
>
> [A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.

*Id.* (citations omitted).

Here, it is apparent from the record that, although the PCRA court did not hold an evidentiary hearing, it carefully and thoroughly examined Appellant's plethora of issues and concluded that they lacked merit. (**See** Rule 907 Notice, 12/05/13; PCRA Ct. Op., at 5-32). After reviewing the issues raised in the PCRA petition and the amendments thereto in light of the certified record, we discern no abuse of discretion in the PCRA court's

decision to decline to hold a hearing. **See Miller**, **supra** at 992. Appellant's first issue is waived and would not merit relief.

In his second issue, Appellant argues that the PCRA court abused its discretion in dismissing his PCRA petition on January 24, 2014, without first ruling on his January 23, 2014 request for leave to amend his petition as it relates to Docket No. CP-51-CR-0200221-2006, to invoke timeliness exceptions to the PCRA's time-bar. (**See** Appellant's Brief, at 29-32; n.2, **supra**). He asserts that, because the court entered its order dismissing his PCRA petition just one day after he filed his request for leave to amend, it is clear that the court failed to "even read" or consider his request. (Appellant's Brief, at 31). This issue lacks merit.

Pursuant to Pennsylvania Rule of Criminal Procedure 905, a PCRA court may grant leave to amend a PCRA petition. **See** Pa.R.Crim.P. 905(A). The Rule further directs courts to permit liberally requests for leave to amend "to achieve substantial justice." **Id.** However, the Rule does not permit unlimited amendments, and PCRA courts have discretion to allow the amendment of a pending PCRA petition. **See Commonwealth v. Roney**, 79 A.3d 595, 615 (Pa. 2013), *cert. denied*, 135 S. Ct. 56 (2014).

Here, the record reflects that Appellant originally filed a counseled PCRA petition on July 27, 2010. New counsel filed an amended petition on June 25, 2012. Following the **Grazier** hearing, the PCRA court granted Appellant leave to file another amended petition, and he did so *pro se* on November 22, 2013. Thus, the record reflects that the PCRA court gave

Appellant ample opportunities to plead and re-plead his claims, and that he took advantage of these opportunities. Given this record, we cannot conclude that the PCRA court abused its discretion in not permitting yet another amendment in this protracted case. *See Roney*, *supra* at 615. Appellant's second issue does not merit relief.

In his third issue, Appellant contends that the PCRA court abused its discretion in denying his request to engage in discovery to obtain the medical records of A.A. and A.R. (*See* Appellant's Brief, at 32-34). Appellant argues that the victims' records "may" contain information regarding their medical conditions that could explain the symptoms they described to the jury that the Commonwealth attributed to his drugging of them. (*Id.* at 33; *see id.* at 4). Appellant posits that any such information would support his ineffective assistance of counsel claims relating to failure to present evidence of the victims' medical histories. (*See id.* at 33-34). This issue does not merit relief.

Pennsylvania Rule of Criminal Procedure 902 states in relevant part: "Except [in a death penalty case], **no discovery shall be permitted** at any stage of the proceedings, except upon leave of court after a showing of **exceptional** circumstances." Pa.R.Crim.P. 902(E)(1) (emphasis added). "The PCRA and the criminal rules do not define the term 'exceptional circumstances.'" *Commonwealth v. Frey*, 41 A.3d 605, 611 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013). "Rather, it is for the trial court, in its discretion, to determine whether a case is exceptional and

discovery is therefore warranted." *Id.* (citation omitted). An appellant has the duty to convince this Court that an abuse of discretion occurred. *See id.* Mere speculation that exculpatory materials may exist does not constitute a showing of exceptional circumstances. *See Commonwealth v. Dickerson*, 900 A.2d 407, 412 (Pa. Super. 2006), *appeal denied*, 911 A.2d 933 (Pa. 2006).

Here, the PCRA court determined Appellant failed to demonstrate exceptional circumstances warranting discovery of the victims' medical records, and pointed out that the jury acquitted Appellant of the charges specifically related to drugging the victims. (*See* PCRA Ct. Op., at 8; Criminal Docket, at 6). After review of the record, we discern no abuse of discretion in the PCRA court's disposition of this issue, where Appellant's request was speculative and not directly relevant to his convictions. *See Frey*, *supra* at 611. Therefore, Appellant's third issue merits no relief.

In his fourth issue, Appellant claims that the PCRA court erred in denying his June 25, 2013 motion to disqualify the Philadelphia County District Attorney's Office from participating in the PCRA proceedings. (*See* Appellant's Brief, at 34-36). He asserts that, because one of his alleged victims, M.S., was employed by the district attorney's office, disqualification of the entire office was warranted. (*See id.* at 34-35). Although Appellant acknowledges that the jury acquitted him of the charges relating to M.S., he nevertheless maintains that the district attorney's office has a personal bias against him in these PCRA proceedings. (*See id.*). This issue is waived.

Specifically, this issue is waived for Appellant's failure to cite to or discuss any **pertinent** legal authority to support it. **See** Pa.R.A.P. 2119(a)-(b), 2101. His reliance on **Commonwealth v. Eskridge**, 604 A.2d 700 (Pa. 1992), is misplaced. The **Eskridge** Court held, in a case on direct appeal, "that a **prosecution** is barred when an actual conflict of interest affecting the prosecutor exists in the case[.]" **Id.** at 702 (emphasis added). This holding is not applicable here in the post-conviction context, which does not involve a prosecution against Appellant. Appellant initiated these post-conviction proceedings and the district attorney's office is a necessary party.[7] Therefore, Appellant's fourth issue fails.

In his fifth and final issue, Appellant argues the PCRA court judge abused his discretion in failing to recuse himself. (**See** Appellant's Brief, at 36-39). Appellant supports this argument with citation to the judge's allegedly inappropriate comments at sentencing, and asserts that the aggravated-range sentence demonstrates the judge's bias given his lack of a prior criminal record and the spurious evidence against him. (**See id.** at 37-38). He also points to various "visible manifestations of [the judge's] bias," at the **Grazier** hearing, which he concedes are not reflected in the record, including alleged "condescending voice inflections," disgusted facial

---

[7] Moreover, we note that "individual [disqualification] rather than vicarious disqualification [of the entire district attorney's office] is the general rule." **Commonwealth v. Ford**, 122 A.3d 414, 418 (Pa. Super. 2015) (citation omitted).

- 12 -

expressions, and scornful glances. (*Id.* at 39). This issue does not merit relief.

Upon a recusal motion,

the judge makes an independent, self-analysis of the ability to be impartial. If content with that inner examination, the judge must then decide whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This assessment is a personal and unreviewable decision that only the jurist can make. Once the decision is made, it is final. . . .

This Court presumes judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion.

*Commonwealth v. Thomas*, 44 A.3d 12, 24 (Pa. 2012) (citation and quotation marks omitted).

After review of the record, we conclude that it does not reveal impartiality on the part of the PCRA court judge, and that Appellant has not met his burden of "establishing bias, prejudice or unfairness necessitating recusal[.]" *Id.* In fact, a review of the *Grazier* hearing transcript indicates that the judge went out of his way to help Appellant with shipping costs for legal materials, stating "I will do the best I can for you." (N.T. Hearing, 7/11/13, at 11). Therefore, Appellant's final issue on appeal lacks merit. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/2016