J-S19039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLOTTE C. DENT | : | |
| | : | |
| Appellant | : | No. 1248 WDA 2020 |

Appeal from the Judgment of Sentence Entered October 28, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0001556-2019

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: JULY 13, 2021**

Charlotte C. Dent (Dent) appeals the judgment of sentenced entered by the Court of Common Pleas of Cambria County (trial court). Following a jury trial, she was found guilty of three drug-related offenses. The trial court sentenced her to an aggregate prison term of 33 to 84 months. In this appeal, Dent argues that she should receive a new trial because the trial court's comments during *voir dire* improperly bolstered the credibility of the Commonwealth's witnesses; the evidence was legally insufficient; and the Cambria County District Attorney's Office should have been recused due to a conflict of interest. Finding no merit in any of these grounds, we affirm the judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

Police executed a warrant to search Dent's home on October 2, 2019. When police arrived, three individuals were present – Dent, Anthony Davenport and Earl Johnson. No contraband was found on Dent's person, but during the search, police discovered narcotics and drug paraphernalia in numerous parts of the home, including areas where Dent had exclusive control.

In Dent's bedroom, specifically, police seized baggies of cocaine, a bowl of cocaine, a spoon used to melt crack cocaine, a glass pipe, empty baggies of different sizes and about $7,000 in cash. Police also recovered digital scales and more plastic baggies from other areas of the residence. The estimated street value of all the drugs found in the home was about $1,500.

According to one of the officers involved in the search, Dent told police shortly after being taken into custody that "if she sold drugs, she only sold them to her friends to use." Trial Transcript, 8/18/2020, at p. 94. Further, she was recorded at the police station making a telephone call to her sister in which she said, "They only caught me with 11 grams. It's my house. And the crack was mine and Mike's." *Id*. at p. 104.

Dent was charged with one felony count of manufacture or delivery of a controlled substance (35 P.S. § 780-113(a)(30)).[1] She was also charged with two misdemeanor counts (possession with intent to use drug paraphernalia (35 P.S. § 780-113(a)(32)), and possession of a controlled substance (35 P.S. § 780-113(a)(16)).[2]

At trial, the Commonwealth contended that the large number of narcotics and paraphernalia found in Dent's residence was consistent with her possession and intended sale of the drugs rather than her mere personal use of the substances. The defense argued that Dent's possession and intended sale of the drugs could not be proven because all of the recovered contraband could have belonged to the other individuals who were in the home at the time of the search. The jury ultimately found Dent guilty of the above three counts. She received a prison term of 33 to 84 months on the felony charge and two concurrent terms of 6 to 12 months each on the two misdemeanor offenses.

_____

[1] The offense is defined as "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." 35 P.S. § 780-113(a)(30).

[2] Dent was initially charged with one felony count of conspiracy to manufacture or deliver narcotics, but the trial court granted her motion for judgment of acquittal as to that count.

Dent timely appealed and the trial court issued a 1925(a) opinion. ***See*** 1925(a) Opinion, 2/12/2021, at 5-17. In her appellate brief, Dent now raises three issues for our consideration:

> 1. Whether the Trial Judge made prejudicial comments during jury selection which appeared to place law enforcement's credibility in a positive light in the eyes of the jury?
>
> 2. Whether [Dent's] conviction for the three remaining charges at trial was against the weight and sufficiency of the evidence?
>
> 3. Whether it was an error for the Trial Court to permit the Cambria County District Attorney's Office to prosecute the case against [Dent], when [she] had previously served as a witness for the Cambria County District Attorney's Office in a homicide trial?

Appellant's Brief, at 5.

## II.

## A.

Dent's first appellate issue is that the trial court erred in commenting during *voir dire* that "the vast majority of first responders are good solid people doing their job." Trial Transcript, 8/18/2020, at p. 44. Although the trial court repeatedly instructed the jury to set aside any personal biases and to view the evidence objectively, Dent argues that the trial court could have improperly bolstered the credibility of the testifying officers, relieving the Commonwealth of its burden of proof.

At the outset, we note that Dent's counsel did not preserve this issue for review by making a contemporaneous objection to the trial court's comment. Under Pa.R.A.P. 302(a), issues that are not raised in the trial court

cannot be raised for the first time on appeal. *See Commonwealth v. Lopata*, 754 A.2d 685, 689 (Pa. Super. 2000). Thus, because no objection was lodged here, the claim is waived and cannot be considered on the merits. *Id*.

**B.**

Next, Dent argues that the evidence is legally insufficient to sustain her three convictions, and that her three convictions are against the weight of the evidence. Her main contention as to both related issues is that the Commonwealth's evidence did not establish the possession element of all three offenses. In the alternative and with respect to the felony count, she disputes that there was no evidence that the drugs found in her home were intended for sale and not just her own personal use.

We dispense with the weight of evidence claim as to all three counts by finding that it is unpreserved for appeal and, therefore, waived. Such claims must first be raised in the trial court before they can be asserted on appeal. A weight of evidence claim may be raised in the trial court via a post-sentence motion or after the verdict is entered but before the sentence has been imposed. *See* Pa.R.Crim.P. 607(A); *see also Commonwealth v. Wilson*,

825 A.2d 710, 713 (Pa. Super. 2013) (same). Since Dent made no such challenge before the trial court, the claim is waived.[3]

Dent has properly preserved her sufficiency of the evidence claim, but we find that it lacks merit as to all three counts. First, while no drugs or paraphernalia were seized from Dent's person, the Commonwealth presented sufficient evidence at trial that she had constructive possession of drugs and paraphernalia scattered throughout her home.

Constructive possession of drugs and paraphernalia requires proof that the defendant had the intent and ability to exercise conscious dominion over such items. *See Commonwealth v. Petteway*, 847 A.2d 713, 716 (Pa. Super. 2004). This form of possession may be established by the totality of the circumstances. *Commonwealth v. Parker*, 847 A.2d 745, 750 (Pa. Super. 2004).[4]

When the sufficiency of evidence is challenged on appeal, the evidence must be viewed in the light most favorable to the Commonwealth. *See Commonwealth v. Little*, 879 A.2d 293, 296-97 (Pa. Super. 2005). A conviction must be upheld if "the trier of fact could have found that each and

---

[3] Even if the weight of evidence claim were preserved, we would find that it lacks merit for the reasons outlined in our discussion of Dent's sufficiency claims.

[4] A trial court's decision on the legal sufficiency of evidence of constructive possession will be upheld "so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Johnson*, 818 A.2d 514, 516 (Pa. Super. 2003)(citations omitted).

every element of the crime charged was established beyond a reasonable doubt." *Id*. "To determine whether the Commonwealth presented sufficient evidence to sustain [a] conviction for [a drug possession offense], all of the facts and circumstances surrounding the possession are relevant and the elements of the crime may be established by circumstantial evidence." *Id*. at 297.

Here, Dent was the sole lessee of the home where cocaine and drug paraphernalia were found. Police found evidence of drug use and sale in Dent's bedroom and bathroom. An assortment of pipes, packaging for cocaine, items with cocaine residue and large quantities of cash were found in areas where Dent exercised exclusive dominion and control.

The Commonwealth introduced testimonial evidence that objects such as baggies, digital scales and large amounts of cash were consistent with high volume drug sales. The jury was free to conclude that this evidence proved beyond a reasonable doubt that Dent possessed drugs and paraphernalia and that she had intent to sell drugs to others. *See id*. at 298 ("[P]ossession with intent to deliver can be inferred from the quantity of the drugs possessed by [the defendant] in his residence along with the numerous items of drug paraphernalia the officers recovered").

In addition to the evidence of constructive possession and intended sale, the record contains two separate admissions by Dent that she used, possessed and sold cocaine. An admission of possession by a defendant may satisfy the

Commonwealth's evidentiary burden of proving possession offenses as long as there is independent evidence that the crimes were committed. **See generally Commonwealth v. DiSabatino**, 581 A.2d 645, 646-47 (Pa. Super. 1990) (finding evidence of drug possession and intent to sell sufficient where defendant admitted to ownership and intent to sell bags of narcotics).

Soon after her arrest, Dent told the officers that she would only sell narcotics to her "friends." Shortly after that, at the police station, she was recorded on a telephone call admitting that police had seized cocaine belonging to her. The jury was free to credit these admissions and find that, in combination with the physical evidence of drug possession and intended sale, the admissions proved Dent's guilt on all three charges beyond a reasonable doubt. Thus, the evidence was sufficient to sustain Dent's three convictions.

## C.

Dent's final appellate issue is that the Cambria County District Attorney's Office should not have been able to prosecute her in this case because Dent had previously served as a prosecution witness in a murder trial handled by that same office. She vaguely suggests that because she is "well known" to the District Attorney's Office in Cambria County, personal aspects of her life could have been unfairly used against her at trial. Dent argues that this scenario constituted a conflict of interest which required the District Attorney's Office to recuse itself from the present case.

It is well established that district attorneys must abandon the prosecution of a defendant if an actual conflict of interest has arisen. **See Commonwealth v. Eskridge**, 604 A.2d 700 (Pa. 1992); **see also Commonwealth v. Robinson**, 204 A.3d 326, 349-51 (Pa. 2018). Defendants have the right to have cases "reviewed by an administrator of justice with [his, her, or their] mind on the public purpose, not by an advocate whose judgment may be blurred by subjective reasons." **Eskridge**, 604 A.2d at 701 (quoting **Commonwealth v. Dunlap**, 46 A.2d 364, 368 (Pa. 1975) (Hoffman, J. dissenting)).

"[A]ny prejudice suffered by a defendant due to such a conflict would not normally be susceptible to proof." **Id**. at 702. Accordingly, where a prosecutor has an actual conflict of interest, "prosecution is barred" and the defendant "need not prove actual prejudice" to obtain relief from that conflict. **Id**.

In this case, Dent's claim fails because the circumstances do not suggest an actual conflict of interest on the part of the prosecutors. The fact that Dent was personally known to the local district attorney's office due to having served as a prosecution witness in another case does not logically lead to the conclusion that a conflict of interest would exist in the present matter. Dent does not articulate a cogent theory as to how an actual conflict arises under this set of facts.

Regardless, it appears that Dent did not object at trial on the grounds of a conflict of interest, much less request that the Cambria County District Attorney's Office recuse itself from the case. She instead waited until after the jury trial had already concluded to seek such relief, by which time the unpreserved issue became waived and unreviewable on appeal. Thus, the issue cannot afford Dent relief at this stage of the proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  07/13/2021