J-A16006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA ADAM JANIS | : | |
| | : | |
| Appellant | : | No. 1566 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 22, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000770-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA ADAM JANIS | : | |
| | : | |
| Appellant | : | No. 1564 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 22, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002783-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA ADAM JANIS | : | |
| | : | |
| Appellant | : | No. 1565 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 22, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003271-2018

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.*

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED OCTOBER 12, 2022**

Joshua Adam Janis appeals the judgment of sentence following his convictions for four counts of theft by unlawful taking, three counts of theft by failure to make required disposition of funds, and 28 counts of theft by deception – false impression.[1] He challenges the sufficiency of the evidence and the court's denial of his motion to disqualify the prosecutor. We affirm.

The Commonwealth charged Janis, a former attorney, with the above-referenced charges for failing to render services to his clients while receiving money for those services. Before trial, Janis filed a motion to disqualify the Chester County District Attorney's Office. At a hearing in September 2019, Janis argued that before his suspension from the bar, he was actively representing defendants in criminal cases in Chester County, and there allegedly were employees of the Chester County District Attorney's Office that he "could call, or probably will call, to refute a lot of allegations." N.T., 9/18/19, at 27. The assigned prosecutor, Attorney Ronald Yen, asked the court to require Janis to give an offer of proof as it related to Janis potentially calling him as a witness. *Id.* He said that the extent of his interactions with Janis was "emails that I sent to Mr. Janis and he sent to me." *Id.* He also told the court, "I don't think that what I would say would be favorable to their case because basically what happened was he did nothing." *Id.* at 28.

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3921, 3927, and 3922(a)(1), respectively.

The court asked for an offer of proof, and defense counsel stated:

> Your Honor, in discovery, there is substantial amounts of discovery that were turned over to Mr. Janis prior to the representation in that case. Additionally, Mr. Yen just said he exchanged e-mails with my client on a number of occasions, so he can get up there and say whatever he wants to say, the simple fact of the matter is every time he says something new it talks about what my client was doing or not doing on the case. He was exchanging e-mails, he did have discovery to review. He was preparing for the case. So he can color it. And the problem, again, if you read through the case law, your Honor, it's not necessarily what actually is going to happen, it's the potential for what's going [to] happen. Would I call him as a witness in my case? Based on what he just said to your Honor, yeah, I probably would have to[.]

*Id.* at 30. The court responded that counsel would need to give a more specific offer of proof. *Id.* at 31. It stated that rather than calling Attorney Yen as a witness, Janis could introduce the emails between them. *Id.*

At a second hearing, in October 2019, counsel argued that some prosecutors, including Attorney Yen, "have information that my client performed work[.]" N.T. 10/28/19, at 7. The court replied that counsel could introduce this evidence through other means, such as putting into evidence a sentencing memorandum Janis prepared, cross-examining Commonwealth witnesses, or presenting docket entries. *See id.* at 7-8, 9, 19. The court denied Janis' motion to disqualify the District Attorney's office and ruled that Janis could not call Attorney Yen as a witness.

The case proceeded to trial, and the trial court aptly summarized the evidence as follows:

> In many of these cases, [Janis] told the individual clients that their retainer would be placed in an escrow account and that he would deduct from that account as services were performed. Based on his representations, the clients gave him money. Instead of putting the funds into escrow accounts, he put the money into his firm's general operating accounts or into his own personal accounts. He also promised a certain level of expertise and/or results in order to get clients to give him money. The Commonwealth showed that he repeatedly failed to do what was required of him. In many cases, he did nothing at all. His pattern of behavior in this regard established an intent on his part to obtain money from clients without any intention of doing the required work on the cases. After failing to do the work he was retained to do, the clients asked for a refund. Most of the clients never received a refund even though he either did not work on their cases, or he did minimal work that did not come close to depleting the retainer.

Rule 1925(a) Opinion ("1925(a) Op."), filed 12/17/21, at 4.

The jury found Janis guilty, and the court sentenced him to an aggregate term of 11 to 23 years' incarceration followed by two years of reporting probation. This timely appeal followed.

Janis raises two issues:

> I. Did the trial court abuse its discretion in denying [Janis'] motion to disqualify the assigned prosecutor when that prosecutor was a witness to material facts in the case?
>
> II. Was the evidence insufficient to sustain several of [Janis'] convictions for Theft By Deception – False Impression?

Janis's Br. at 5 (suggested answers omitted).

Janis first argues that the trial court erred by not disqualifying Attorney Yen. He maintains that if the court had disqualified Attorney Yen, "[Janis]

would have had the opportunity to question Mr. Yen about material details that other potential witnesses would not have had knowledge of." *Id.* at 8. He claims that by denying his request, the court deprived him of his due process rights and "compulsory process under the state and federal constitutions." *Id.* at 10. He also argues that because Attorney Yen should have been a defense witness and was not disqualified, a conflict of interest existed. He directs us to *Commonwealth v. Eskridge*, 604 A.2d 700 (Pa. 1992), and states that "Pennsylvania courts have recognized that when a conflict of interest affecting the district attorney exists, prosecution by that district attorney or any other attorney in his office is barred regardless of whether actual prejudice can be established." *Id.* at 11. Janis claims "[t]here is nothing theoretical about the conflict of interest in this case." *Id.*

We review a court's denial or grant of a motion for disqualification and conflict of interest for an abuse of discretion. *See Commonwealth v. Sims*, 799 A.2d 853, 856 (Pa.Super. 2002). "[P]rosecution is barred when an actual conflict of interest affecting the prosecutor exists in the case; under such circumstances a defendant need not prove actual prejudice in order to require that the conflict be removed." *Eskridge*, 604 A.2d at 702. However, mere allegations of conflicts of interest do not require the removal of a district attorney. *See Commonwealth v. Stafford*, 749 A.2d 489, 494 (Pa.Super. 2000).

Before this Court and the trial court, Janis has failed to identify the interest he believes Attorney Yen had in the case. Furthermore, he has made

only a generalized claim that Attorney Yen would be a material witness. He has not explained the exact information Attorney Yen allegedly had on which he bases his claim of a conflict. Though he referenced emails between Attorney Yen and himself, he did not specify the content of these emails beyond stating that they were about a case for a client who was now a Commonwealth witness in the instant case. Janis' claims of a conflict of interest were merely accusations.

Additionally, while he claimed that Attorney Yen had "information" that Janis worked on some of his client's cases, he has not made a sufficient offer of proof to substantiate the claim. When given the opportunity to provide a more detailed offer of proof, he mentioned a sentencing memorandum that he completed for one of his clients. Moreover, Attorney Yen could not have known or determined exactly what Janis did for any of his clients. Further, as the trial court pointed out, Janis could have presented the "information" that Attorney Yen allegedly had by other means not requiring Attorney Yen's testimony, such as offering the cited documents into evidence, or by stipulation or cross-examination.

Janis's citation to **Eskridge** is to no avail because **Eskridge** involved an actual conflict of interest. **See Eskridge**, 604 A.2d at 701 (concluding "district attorney whose private law partners represented the victims of the accident in civil suits against the defendant had a clearly impermissible conflict of interest prohibiting him from prosecuting the defendant criminally"). Here, Janis has not shown an actual conflict.

Janis also challenges the sufficiency of the evidence. He claims that the Commonwealth failed to present sufficient evidence for five out of the 28 counts of theft by deception-false impression. He maintains that the Commonwealth did not prove beyond a reasonable doubt that he intended to create a false impression. He alleges that the evidence shows that he "did perform, and did communicate with his clients." Janis' Br. at 18 (emphasis removed). He argues that it is irrelevant if his clients were not satisfied with the frequency of his communication with them, the results of their cases, or the time it took to handle their cases. What is relevant, he claims, "is whether the Commonwealth proved that [Janis] knew at the time he accepted money that he would not perform work for these people." *Id.* He further maintains that this case is "even less factually compelling than what was held to be insufficient" in ***Commonwealth v. Gallo***, 373 A.2d 1109 (Pa. 1977). Janis' Br. at 17.

When reviewing a challenge to the sufficiency of the evidence, our standard of review is *de novo*. ***See Commonwealth v. Rushing***, 99 A.3d 416, 420 (Pa. 2014). Our scope of review is limited to viewing all the evidence of record, and all reasonable inferences from that evidence, in the light most favorable to the Commonwealth as verdict-winner. ***Id.*** at 420-21.

Janis challenges the sufficiency of the evidence as it relates to five victims and their testimony: Bonnie Kennedy, James Mendenhall, Andrew Whittemore, Theresa Stiles, and Lawrence Desimone. However, the record only contains the transcript testimony from Desimone. As such, we will only

address the sufficiency challenge to this count. The challenges to the remaining counts are waived.[2] **See Commonwealth v. Martz**, 926 A.2d 514, 524–25 (Pa.Super. 2007).

Janis was charged with theft by deception under the first subsection of the relevant statute, which provides:

> A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:
>
> (1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise[.]

18 Pa.C.S.A. § 3922(a)(1). To sustain a conviction for theft by deception the Commonwealth must show, among other things, the existence of a false impression and that the victim relied upon the false impression. **See Commonwealth v. Lawson**, 650 A.2d 876, 880 (Pa.Super. 1994).

Janis represented Desimone in a case involving Desimone's father. Desimone hired Janis because Janis's website stated that he dealt with elder law and Desimone thought Janis could help. N.T., 12/8/20, at 95-96. Desimone testified that during his initial phone call with Janis, "I told him the situation and he said he was experienced in these type of matters." **Id.** at 96.

_____

[2] Based on the parties' briefs, Andrew Whittemore testified on December 1, Theresa Styles testified on December 3, Bonnie Kennedy and James Mendenhall testified on December 4, and Lawrence Desimone testified on December 8, 2020. The record before this Court does not include transcripts from the 1st, 3rd, or 4th of December.

Desimone's father lived with Desimone's 89-year-old grandmother, who he believed was not caring for his father properly. *Id.* at 95. Upon meeting Janis in person, Desimone told Janis that his goal for the case was that his father would live with him so he could take care of him. *Id.* at 98. Janis told him that the case should be easy. *Id.* Desimone wrote a check to Janis for $2,500 for his services. *Id.* at 100-01. He testified that Janis requested $3,000, so Desimone gave him an additional $500 in cash. *Id.* at 102. As it related to work that Janis completed on the case, he testified that Janis sent a letter to his grandmother's counsel and filed a petition in Orphans Court. *Id.* at 104, 107-08. After he hired him for the case, it was not easy to reach Janis via telephone or text message. *Id.* at 108.

On one occasion, when he reached Janis, Janis told him that his father needed a competency hearing. *Id.* at 109. He testified that a judge had not yet heard the case. *Id.* at 110. Janis told Desimone that it would cost $1,000 more and that he might know of someone who could handle it. *Id.* Desimone testified that the competency hearing never happened and that he was not able to get in contact with Janis. *Id.* at 111. Janis eventually contacted him and told him that he would need an additional $5,000. *Id.* at 112. Desimone went to Janis' office to reach him and learned that he had moved, without providing forwarding information. *Id.* Desimone said he never determined what happened with the case but that the matter was listed as "closed." *Id.* at 113. He also said Janis never gave him any money back. *Id.*

We conclude that the Commonwealth presented sufficient evidence to sustain the conviction. The evidence shows that Janis created a false impression that he would be able to resolve Desimone's case. His website displayed that he had experience with elder law, and Janis ensured Desimone that the case would be easy. Upon these assurances, Desimone paid Janis $3,000 for his services. However, Janis' work on the case was limited to writing a letter to opposing counsel and filing a petition with the court. Janis maintains, however, that his work refutes any argument that the evidence was sufficient. In support of this argument, Janis cites *Gallo*.

In *Gallo*, our Supreme Court concluded that the evidence was insufficient to sustain a conviction for theft by deception, where the only evidence of the contractor's intent was his failure to perform services. *Gallo*, 373 A.2d at 1111. Here, unlike *Gallo*, there is evidence of Janis's intent beyond his mere failure to complete the work. As Desimone testified, it was difficult to contact Janis and he eventually stopped hearing from him altogether. Despite the substantial fee he obtained, and his continued requests for additional fees, Janis did minimal work, never completed achieved the result Desimone hired him to achieve, and finally disappeared with no forwarding information. The evidence was sufficient.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/12/2022</u>