COMMONWEALTH of Pennsylvania,
Appellee,

v.

Kimm WISOR, Appellant.

Superior Court of Pennsylvania.

Submitted April 3, 2006.

Filed June 28, 2006.

Donald T. Gibboney, Public Defender, Clearfield, for appellant.

William A. Shaw, Jr., Asst. Dist. Atty., Clearfield, for Com., appellee.

BEFORE: MUSMANNO, ORIE MELVIN and COLVILLE *, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, Kimm Wisor, appeals from the judgment of sentence imposed following revocation of his probation/parole. On appeal, he challenges the propriety of the District Attorney's Office prosecuting his revocation proceeding in light of the original charges having been referred to the Office of Attorney General for prosecution pursuant to Section 732–205(a)(3) of the Commonwealth Attorneys Act (the Act). 71 P.S. §§ 732–101 et seq. After review, we affirm.

¶ 2 The facts and procedural history may be summarized as follows. The underlying charges in this matter alleged that Appellant delivered a controlled substance to Aaron Jacobson that resulted in Mr. Jacobson's death. Further, that Appellant then concealed Mr. Jacobson's death by placing his body in Mr. Jacobson's truck and driving the truck from Appellant's campsite to a remote wooded area where it was not found until five days later. Since the victim was the son of an employee of the Clearfield County District Attorney's Office, the prosecution of Appellant's case was referred to the Attorney General.

¶ 3 On April 27, 2004, the Office of Attorney General filed a criminal complaint charging Appellant with delivery of a controlled substance (oxycontin/oxycodone), abuse of corpse, and tampering with or fabricating physical evidence.[1] Appellant entered into a negotiated guilty plea on September 24, 2004 and was sentenced on October 15, 2004 to a term of imprisonment of 11½ to 23 months for the delivery count and two consecutive probationary terms of two years for each of the remaining counts. Appellant was subsequently paroled on June 23, 2005. Shortly thereafter a report was filed alleging that Appellant had committed parole violations by failing to report to his parole officer and using a controlled substance. On July 29, 2005, a parole/probation revocation hearing was conducted wherein the Commonwealth was represented by the District Attorney's Office, and Appellant was represented by the Public Defender's Office. During the hearing Appellant admitted to the violations. Consequently, Appellant's parole was revoked, and he was returned to the county jail to serve the balance of his 11 ½ to 23 months' sentence at count I, and his probation at count II was revoked and a sentence of 1 to 2 years' imprisonment was imposed to run consecutive to the sentence at count I. This timely appeal followed.

¶ 4 Appellant presents the following question for our review:

Whether a District [A]ttorney who has persuaded the Attorney General to prosecute a criminal matter may re-enter the case at any stage of the prosecution[?]

Appellant's brief, at 4.

¶ 5 Appellant argues that once the case was referred to the Attorney General

* Retired Senior Judge Assigned to the Superior Court.

1. 35 P.S. § 780–113(a)(30), 18 Pa.C.S.A. §§ 5510, and 4910(1), respectively.

pursuant to the Act it was improper for the Clearfield District Attorney to re-enter the proceedings at any subsequent point. Appellant's issue presents us with a unique question requiring interpretation of a statute. "Accordingly, we note that 'application of a statute is a question of law, and our [scope] of review is plenary. Furthermore, as this matter involves only a question of law, our standard of review is limited to a determination of whether the trial court committed an error of law.'" *Commonwealth v. Baird*, 856 A.2d 114, 115 (Pa.Super.2004) (quoting *Commonwealth v. Mackert*, 781 A.2d 178, 185 (Pa.Super.2001) (bracketed information added), *appeal denied*, 568 Pa. 696, 796 A.2d 980 (2002)). Moreover, "'[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly[;]' and ... we must, if possible, construe every statute 'to give effect to all its provisions.'" *Baird, supra* (quoting 1 Pa.C.S.A. § 1921(a)).

¶ 6 The Commonwealth Attorneys Act describes the circumstances in which the Attorney General may prosecute a criminal case. The Act provides, in pertinent part, that

> [t]he Attorney General shall have the power to prosecute in any county criminal court the following cases:
>
> * * * *
>
> (3) Upon the request of a district attorney who lacks the resources to conduct an adequate investigation or the prosecution ... represents ... the potential for an actual or apparent conflict of interest on the part of the district attorney or his office.

71 P.S. § 732–205(a)(3). Furthermore, our Supreme Court has held that

> [a] prosecution is barred when an actual conflict of interest affecting the prosecutor exists in the case; under such circumstances a defendant need not prove actual prejudice in order to require that the conflict be removed. Mere allegations of a conflict of interest, however, are insufficient to require replacement of a district attorney.

*Commonwealth v. Stafford*, 749 A.2d 489, 494 (Pa.Super.2000), *appeal denied*, 568 Pa. 660, 795 A.2d 975 (2000) (internal citations and quotation marks omitted).

¶ 7 Appellant points us to *Commonwealth v. Eskridge*, 529 Pa. 387, 604 A.2d 700 (1992) and *Commonwealth v. Breighner*, 453 Pa.Super. 477, 684 A.2d 143 (1996), to support his contention. Both *Eskridge* and *Breighner* hold that once a conflict of interest arises in the district attorney's office relative to a prosecution, it is improper for the conflicted district attorney to engage in any decision-making in the case, including choosing who will handle the prosecution. *See, Eskridge*, 604 A.2d at 701 and *Breighner*, 684 A.2d at 147. In *Eskridge*, our Supreme Court considered whether it was appropriate for a district attorney to delegate to an assistant within his office the prosecution of an individual who was also a defendant in a civil case in which the district attorney represented the plaintiff. In *Breighner*, the district attorney disqualified himself from the prosecution due to a similar conflict of interest and appointed the district attorney from another county to handle the case. The determination on appeal in both cases was that the conflicted district attorney must refer the matter to the Attorney General. However, neither of these cases addressed the situation where, as here, the defendant is back in court facing allegations of parole or probation violations in

connection with the sentence received in the underlying case.

¶ 8 We find that these cases do not support Appellant's argument that the subsequent prosecution of a parole/probation violation must also be conducted by the Attorney General. Further, we note that the Act does not specifically address when the Attorney General's involvement in the prosecution ceases. If we were to accept Appellant's argument, the effect of such a holding would serve to exclude a district attorney's office from prosecution of subsequent offenses committed by that defendant in perpetuity. A parole or probation violation can occur many months or years after the verdict was rendered and sentence imposed. The General Assembly could not have intended the initial finding of a conflict of interest requiring removal of the district attorney to serve as an irrefutable presumption of continuing conflict in later proceedings. *See* 1 Pa.C.S.A. § 1922(1) (stating "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable."). Rather, we find the clear intent of the General Assembly's promulgation of this provision was to assure a defendant an impartial prosecutor. The fact that an actual conflict of interest affecting the district attorney existed at the time of Appellant's original prosecution does not preclude the previously conflicted district attorney from prosecuting new charges that arise at a time when an actual conflict may no longer exist. If the circumstances which created the conflict no longer exist, resort to § 732–205(a)(3) of the Act is not required in subsequent proceedings. In other words, once a defendant's judgment of sentence becomes final the Office of Attorney General is no longer required to proceed further absent the existence in the case of a continuing conflict or new conflict of interest affecting the district attorney.

¶ 9 Instantly, the Commonwealth asserts in its brief that since the initial referral to the Attorney General a new District Attorney has been elected and the employee who was related to the victim is no longer employed by the District Attorney's Office. Appellee's brief, at 6. Thus, at the time of Appellant's revocation hearing there was no need to request a referral to the Attorney General. Moreover, if Appellant believed a conflict of interest remained he should have raised the matter with the trial court. However, the record reveals that at no time before, during, or after the revocation hearing has Appellant even alleged that a conflict of interest continues to exist or a new conflict has arisen. "It is well-settled that a party seeking recusal or disqualification must raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred." *Commonwealth v. Boyd*, 835 A.2d 812, 820 (Pa.Super.2003) (citing *Stafford*, 749 A.2d at 501 (quotation marks and citations omitted)). Rather, Appellant rests his request for a new hearing upon the bald assertion that once conflicted always conflicted. We decline his invitation to adopt such an inflexible rule. Accordingly, we find that the District Attorney's Office was not precluded from prosecuting new offenses in the nature of parole/probation violations in the absence of an actual conflict of interest.

¶ 10 Judgment of sentence affirmed.