J-S77041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW W. SWANGER, | |
| Appellant | No. 710 MDA 2016 |

Appeal from the Judgment of Sentence March 24, 2016
in the Court of Common Pleas of Union County
Criminal Division at No.: CP-60-CR-0000058-2015

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED OCTOBER 28, 2016**

Appellant, Matthew W. Swanger, appeals from the judgment of sentence imposed as a result of his jury conviction of five counts each of sexual abuse of children and child pornography, and one count of criminal use of a communication facility.[1]  We affirm.

We take the following facts from our independent review of the record. On April 13, 2015, the Commonwealth, through the Pennsylvania Office of the Attorney General, filed an information charging Appellant with five counts of sexual abuse of children, and one count of criminal use of a communication facility.  On October 14, 2015, the Commonwealth filed a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6312(c), 6312(d), and 7512(a), respectively.

motion to amend the criminal information to add five counts of child pornography to the charges. On October 26, 2015, the trial court granted the motion and the Commonwealth filed the amended information on October 27, 2015. On December 15, 2015, the first day of trial, Appellant filed a motion to quash the amended information. In relevant part, Appellant maintained that, because Pennsylvania Attorney General Kathleen Kane was suspended from the practice of law on September 21, 2015, her prior appointment of Deputy Attorney General Lawrence Cherba to sign informations rendered Appellant's amended information invalid.[2] (**See** Appellant's Motion to Quash Information, 12/15/15, at unnumbered page 2). The trial court denied the motion the same day, (**see** N.T. Trial, 12/15/15, at 4-6), and Appellant's case proceeded to a two-day jury trial. At trial, the Commonwealth presented the following evidence.

Special Agent Brittney J. Baughman, while a member of the child predator section of the Pennsylvania Office of the Attorney General, conducted undercover internet investigations of individuals soliciting minors for sexual purposes and intercepted online child pornography. (**See id.** at 41-42). In conducting her investigation of this case, Special Agent

---

[2] On September 21, 2015, the Pennsylvania Supreme Court temporarily suspended Attorney General Kane from practicing law. The order expressly stated that that it "should not be construed as removing [Kathleen Kane] from elected office." **Office of Disciplinary Counsel v. Kane**, No. 2202 Disciplinary Docket No. 3, Order, 9/21/15, at 1).

Baughman utilized a police version of Ares, a file sharing program used to share pornographic materials, between its users. (*See id.* at 48). On October 16, 2014, Special Agent Braughman identified internet protocol (IP) address 67.214.7.164, which belonged to Appellant, as containing twenty-four potential child pornography files, and downloaded five of them by directly connecting to Appellant's computer using Ares. (*See id.* at 53, 76). The files contained names associated with young children being raped. (*See id.* at 63-69).

Special Agent Brittany A. Lauck of the child predator section of the Office of the Attorney General reviewed the files downloaded by Special Agent Braughman, and prepared the search warrant for Appellant's home, which she, fellow members of the child predator section, and computer forensics agents executed on December 23, 2014. (*See id.* at 86-87). Special Agent Lauck seized Appellant's laptop, which contained child pornography and the Ares program. (*See id.* at 92-93).

Appellant agreed to an audio taped interview at the scene, prior to which he was read his *Miranda*[3] warnings. (*See id.* at 93-94; *see also* Commonwealth's Exhibit 7-A, Transcript of Police Interview, at 1). During the interview, Appellant admitted to downloading the child pornography onto his laptop. (*See* Commonwealth's Exhibit 7-A, at 19-26).

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Special Agent Braden Cook, senior supervisory agent with the Office of the Attorney General, computer forensic unit, conducted the forensic analysis of Appellant's computer. (*See* N.T. Trial, 12/15/15, at 117-18). The analysis revealed that pornographic files were located on the computer hard drive, under the user profile name, "Matthew." (*Id.* at 127, 129, 146). The files were available for sharing using Ares, and the child pornography downloaded by Special Agent Baughman was from Appellant's laptop. (*See id.* at 129, 154-55).

At trial, Appellant exercised his constitutional right not to testify on his own behalf, and did not present any witnesses. On December 16, 2015, the jury returned a verdict convicting Appellant of the previously mentioned crimes. On March 24, 2016, the trial court sentenced Appellant to an aggregate term of not less than twenty-eight nor more than seventy-six years of incarceration. The court denied Appellant's post-sentence motion. Appellant timely appealed.[4]

Appellant raises two questions for this Court's review.

1.    Was there insufficient evidence to convict where [Appellant] was never identified in court, testimony was inconsistent regarding his access to illicit material and where

---

[4] On May 31, 2016, Appellant filed a timely statement of errors complained of on appeal pursuant to the trial court's order. *See* Pa.R.A.P. 1925(b). The court did not file an opinion. *See* Pa.R.A.P. 1925(a). However, on June 15, 2016, the court ordered the Prothonotary to forward the certified record to this Court, and directed us to the notes of testimony for its reasons for denying Appellant's motion to quash the amended information.

there was no showing he disseminated or attempted to disseminate illicit material?

2. Did error occur where the Office of the Attorney General of Pennsylvania was permitted to act in the case over defense objection?

(Appellant's Brief, at 6).

Initially, we note that Appellant's sufficiency challenge is waived.

In order to preserve a challenge to the sufficiency of the evidence on appeal, the appellant's Rule 1925(b) statement must state with specificity the element or elements of the crime upon which the appellant alleges the evidence was insufficient. **See Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013); **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009)[, *appeal denied*, 3 A.3d 670 (Pa. 2010)]. "Such specificity is of particular importance in cases, where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." **Garland**, 63 A.3d at 344 (quoting **Gibbs**, 981 A.2d at 281). In **Garland** . . . [t]he panel found the claim waived, noting that the appellant "not only failed to specify which elements he was challenging in his Rule 1925(b) statement, he also failed to specify which conviction he was challenging." **Id**.

**Commonwealth v. Veon**, 109 A.3d 754, 775 (Pa. Super. 2015), *appeal granted in part by*, 121 A.3d 954 (Pa. 2015).

In this case, Appellant's Rule 1925(b) statement contains the same language as that of his statement of questions involved. (**See** Appellant's Rule 1925(b) Statement, at 1; Appellant's Brief, at 6). Namely, Appellant maintains that he was not identified in court, the testimony was inconsistent regarding his access to computer pornography, and there was no evidence that he attempted, or did, disseminate illicit material. (**See** Appellant's Rule

1925(b) Statement, at 1; Appellant's Brief, at 6). However, it is not clear to which, if any, of Appellant's convictions these elements apply. Accordingly, we deem Appellant's issue waived. **See Veon**, **supra** at 775.

Moreover, even were it not waived, Appellant's challenge to the sufficiency of the evidence would not merit relief.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Beasley**, 138 A.3d 39, 45 (Pa. Super. 2016) (citation omitted).

Pursuant to 18 Pa.C.S.A. § 6312(c), a person is guilty of sexual abuse of children, dissemination of photographs, videotapes, computer depictions and films, if he:

> knowingly . . . possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any . . . computer depiction . . . depicting a child under the age

of [eighteen] years engaging in a prohibited sexual act or in the simulation of such act . . . .

18 Pa.C.S.A. § 6312(c). Similarly, "[a]ny person who intentionally views or knowingly possesses or controls any . . . computer depiction . . . depicting a child under the age of [eighteen] years engaging in a prohibited sexual act or in the simulation of such act commits" sexual abuse of children, child pornography. 18 Pa.C.S.A. § 6312(d). Finally, criminal use of a communication facility is committed where:

> [a] person . . . uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act. . . .

18 Pa.C.S.A. § 7512(a) (footnote omitted).

Here, the Commonwealth presented evidence that forensic analysis of Appellant's laptop seized during a search of his home revealed that the pornographic files in question were located on the computer's hard drive, under the user profile name, "Matthew." (N.T. Trial, 12/15/15, at 92-93, 127, 129, 146). The files were available for sharing using the file sharing program Ares, and their names were associated with young children being raped. (*See id.* at 63-69, 154-55). In fact, as part of the investigation, Special Agent Baughman accessed the files on Appellant's laptop by using the Ares program on her computer. (*See id.* at 53). Finally, Appellant admitted to downloading the child pornography on his laptop. (*See* Commonwealth's Exhibit 7-A, at 19-26).

Based on the foregoing, and viewing the evidence in the light most favorable to the Commonwealth, we conclude that it sufficiently established that Appellant knowingly possessed child pornography files on his computer, and that they were available for disseminating using a file sharing program also found on the same laptop. Therefore, the Commonwealth produced sufficient evidence to support Appellant's convictions. **See Beasley**, **supra**, at 45. Appellant's first issue would not merit relief.

In Appellant's second issue, he maintains that the trial court erred in denying his motion to quash the information because the amended information signed by Attorney Cherba was invalid. (**See** Appellant's Brief, at 11-21). Specifically, he argues that, based on the Commonwealth Attorneys Act,[5] because Attorney General Kane was suspended from the practice of law, her prior authorization of Executive Deputy Attorney General Cherba to prosecute his case rendered the amended information invalid. (**See** Appellant's Brief, at 11-21). We disagree.

> The decision to grant a motion to quash a criminal information or indictment is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse of discretion. Discretion is abused when the course pursued by the trial court represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

---

[5] 71 P.S. §§ 732-101—732-506.

***Commonwealth v. Wyland***, 987 A.2d 802, 804-05 (Pa. Super. 2010), *appeal denied*, 8 A.3d 346 (Pa. 2010) (citations and quotation marks omitted).

Additionally,

[A]pplication of a statute is a question of law, and our [scope] of review is plenary. Furthermore, as this matter involves only a question of law, our standard of review is limited to a determination of whether the trial court committed an error of law. Moreover, [t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly[;] and . . . we must, if possible, construe every statute to give effect to all its provisions. [***See***] 1 Pa.C.S.A. § 1921(a).

***Commonwealth v. Wisor***, 902 A.2d 1245, 1247 (Pa. Super. 2006) (case citations and quotation marks omitted).

The Commonwealth Attorneys Act provides, in pertinent part that:

Whenever the Attorney General prosecutes a criminal action, or appeal, he may employ such special deputies as are necessary for that purpose; such deputies shall take the oath of office and be clothed with all the powers, and subject to all the liabilities imposed by law upon district attorneys, including the power to sign informations or indictments.

71 P.S. § 732-205(d).

Further:

Whenever, by reason of the absence, incapacity, or inability of the head or chief of any of the departments of the State Government to perform the duties of his office, or whenever a vacancy in the office of the head or chief of any of the departments of the State Government occurs, the duties of the head or chief of such department shall be performed by the deputy, chief clerk, or other person next in authority, until such disability is removed or the vacancy filled.

71 P.S. § 762.

Here, the trial court addressed Appellant's argument regarding Attorney General Kane on December 15, 2015, when it denied Appellant's motion to quash the information. The following relevant exchange occurred:

THE COURT: . . . Essentially, in a nutshell, [Appellant seeks to quash the information] because the Attorney General, Kathleen Kane, has had her license to practice law suspended by the Pennsylvania Supreme Court. She continues to serve as the Attorney General; and the defense is suggesting that because of that, the Amended Information signed by Lawrence Cherba . . . —an executive deputy attorney general appointed by Kathleen Kane is defective and should be dismissed.

* * *

. . . [T]he Attorney General is now not licensed to practice law; however, she is still the Attorney General. As such, one of her administrative duties which does not involve the practice of law is to appoint deputies who are licensed to practice law. In this case, Mr. Cherba was appointed by Kathleen Kane prior to her suspension. . . .

[Commonwealth's Counsel]: He would have been appointed . . . directly after Ms. Kane's inauguration. The letter authorizing him to sign Informations on behalf of the office . . . was dated January 24, 2013[.]

THE COURT: It is clear that at the time that Kathleen Kane appointed Mr. Cherba to sign Informations, she was licensed to practice law and the duly elected Attorney General of Pennsylvania. . . .

* * *

. . . This would be similar . . . to the appointment of a vacancy in the Office of the Attorney General. . . . This would be an administrative act, not something that involves the practice of law.

> The Information was signed by a qualified and . . . properly licensed attorney. . . . [T]he practice of law involves the signing of the Information; not the appointment of the person to sign the Information, and this was properly done. . . .

(N.T. Trial, 12/15/15, at 4-6).  We agree.

While Kathleen Kane was Attorney General, she possessed the power to employ deputies to sign informations and prosecute criminal actions.  **See** 71 P.S. § 732-205(d).  Accordingly, her January 24, 2013 letter authorizing Executive Deputy Attorney General Cherba to sign informations was a proper exercise of her role as Attorney General.  **See id.**  There is nothing in the language of the Commonwealth Attorneys Act to suggest that her later temporary suspension from the practice of law invalidated the prior appointment.  **See id**; 71 P.S. § 762.  Hence, the trial court properly exercised its discretion when it denied Appellant's motion to quash the validly signed amended information.  **See Wyland**, **supra** at 804-05; **Wisor**, **supra** at 1247.  Appellant's second issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/28/2016

- 11 -