J-A09037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| MICHAEL ALLAN MILLER | : | |
| | : | |
| Appellant | : | No. 616 MDA 2016 |

Appeal from the Judgment of Sentence January 15, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0001505-2014

BEFORE:   GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 16, 2017**

Appellant, Michael Allan Miller, appeals from the judgment of sentence entered in the Centre County Court of Common Pleas, following his jury trial convictions for eight counts of recklessly endangering another person and one count of animal cruelty.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises five issues for our review:

> WHETHER THE TRIAL COURT ERRED BY FAILING TO GRANT A NEW TRIAL DUE TO IMPROPER STATEMENT OF PERSONAL OPINION BY THE PROSECUTOR?

---

[1]  18 Pa.C.S.A. §§ 2705 and 5511(a)(1)(i), respectively.

WHETHER THE TRIAL COURT ERRED BY EXCLUDING EVIDENCE OF PRIOR ATTACKS ON APPELLANT'S DOGS BY THE DOG COPPER?

WHETHER THE TRIAL COURT ERRED BY DENYING APPELLANT A NEW TRIAL DUE TO PROSECUTORIAL MISCONDUCT REGARDING THE VETERINARIAN'S REPORT?

WHETHER THE TRIAL COURT ERRED BY DENYING APPELLANT A NEW TRIAL DUE TO ERRORS IN THE JURY CHARGE ON THE ANIMAL CRUELTY COUNT?

WHETHER THE TRIAL COURT ERRED BY FAILING TO GRANT JUDGMENT OF ACQUITTAL ON THE ANIMAL CRUELTY CHARGE?

(Appellant's Brief at 5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Thomas K. Kistler, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed April 7, 2016, at 2-10) (finding: **(1)** prosecutor's comment, "I wouldn't be standing here if I didn't think [Appellant] was guilty," was isolated remark practically lost during hour-long closing argument; prosecutor's comment was in fair response to defense counsel's accusations that prosecutor "overcharged" Appellant, pursued convictions instead of justice, fed answers to veterinarian expert witness, and "bought" ballistics expert's opinion; comment did not unduly prejudice Appellant; **(2)** Section 5511(3) provides sole defense to cruelty to animals charge; defense applies only when dog is in act of actually destroying,

- 2 -

pursuing, wounding, or killing another domestic animal; defense was inapplicable here because dog Copper was not pursuing Appellant's dogs when Appellant shot him; therefore, Copper's alleged prior violent acts were irrelevant because they did not pertain to Copper's behavior at time of shooting; moreover, evidence of Copper's past acts would have confused jury by suggesting existence of another defense; Copper's past behavior was irrelevant to rebut testimony that Copper was good-natured dog; Commonwealth introduced testimony that Copper was "daycare dog" only to rebut Appellant's implication during opening arguments that someone should have been supervising Copper; **(3)** when court granted Appellant's motion in November 2015, prohibiting Dr. Shapira from testifying as expert, court was unaware of Dr. Shapira's veterinarian report; following court's decision, prosecutor confirmed with Dr. Shapira that Dr. Shapira's report was rendered within reasonable degree of professional certainty; prosecutor then asked Dr. Shapira to supplement report with language to indicate opinion was based on Dr. Shapira's knowledge and experience as veterinarian, and rendered within reasonable degree of professional certainty; Dr. Shapira complied; prosecutor requested court to reconsider Dr. Shapira as expert and attached copy of Dr. Shapira's revised report; defense counsel received Dr. Shapira's initial report in June 2015; from that point forward, Appellant was on notice that opinions contained within Dr. Shapira's report were opinions held by veterinarian; prosecutor did not attempt to subvert court

process by asking court to reconsider its prior ruling; **(4)** animal cruelty statute requires willful and malicious act; court mistakenly said "willfully or maliciously" during its pre-trial instruction to jury; defense counsel immediately brought this mistake to court's attention, and court corrected itself and explained that law required both willful and malicious act for animal cruelty charge; during charging conference, defense counsel argued court should omit "either/or" language from standard jury instruction that defined willful and malicious conduct; court declined to strike "either/or" and used standard jury instruction; language of instruction was sufficient to explain charge of animal cruelty and consistent with other standard jury instructions containing "willful and malicious" *mens rea* and use of "either/or" language to describe that *mens rea*; **(5)** Dr. Shapira testified shrapnel from bullet penetrated so far into Copper's skull that operation to remove shrapnel was too risky; Dr. Shapira's testimony was sufficient for jury to conclude Appellant maimed and/or disfigured Copper; Appellant's statement to police that he retrieved rifle from his house to shoot Copper, combined with fact Copper's owner found Copper bleeding, was sufficient to prove Appellant acted willfully).  Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017

**IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA**
**CRIMINAL ACTION - LAW**

COMMONWEALTH OF PENNSYLVANIA          :
                                                            :          No. CP-14-CR-1505-2014
          v.                                                :
                                                            :
MICHAEL MILLER                                    :

*Attorney for the Commonwealth:*                   *Lindsay C. Foster, Esquire*
*Attorneys for the Defendant:*                        *Philip M. Masorti, Esquire/*
                                                                     *Stephanie Van Horn, Esquire*

## OPINION AND ORDER

**Kistler, J.**

Presently before the Court is Defendant's Post-Sentence Motion filed on January 22, 2016. A

hearing was held on March 4, 2016, and both parties have submitted Briefs. Upon consideration

of the arguments of counsel, and for the following reasons, Defendant's Post-Sentence Motion is

DENIED.

## BACKGROUND

On August 6, 2014, Defendant was charged with five counts of Possession of a Firearm by a

Prohibited Person, 18 Pa.C.S.A. § 6105(a)(1), [F2]; one count of Possession an Instrument of

Crime, 18 Pa.C.S.A. § 907(a), [M1]; one count of Cruelty to Animals, 18 Pa.C.S.A. §

5511(a)(1)(i), [M2]; one count of Recklessly Endangering Another Person, 18 Pa.C.S.A. § 2705,

[M2]; and one count of Disorderly Conduct, 18 Pa.C.S.A. § 5503(a)(4), [M3]. A preliminary

hearing was scheduled for August 27, 2014, at which the Commonwealth moved to amend the

charges by withdrawing the five counts of Possession of a Firearm by a Prohibited Person and

adding seven counts of Recklessly Endangering Another Person. Shortly after the amendment,

Defendant waived his preliminary hearing. On September 24, 2014, a Criminal Information was

filed formally charging Defendant with the above charges. Defendant selected a jury of his peers

☒O ☐RD ☐S

on October 5, 2015, and trial was held on December 3rd and 4th. Following trial, Defendant was found guilty of one count of Cruelty to Animals, and eight counts of Recklessly Endangering Another Person. On January 15, 2016, this Court sentenced Defendant to six to twelve months for the Animal Cruelty offense, and five and one-half to eleven and one-half months on each of the Recklessly Endangering Another Person offense, each to run concurrently to one another and consecutively to the Animal Cruelty offense. Defendant's total aggregate sentence is eleven and one-half months to twenty three and one-half months to be served in the Centre County Correctional Facility. Prior to sentencing, Defendant made an oral Motion for Extraordinary Relieve, which this Court denied. Defendant then filed the instant Post-Sentence Motion on January 22, 2016.

## DISCUSSION

### I. Motions For A New Trial

#### a. Improper Statements of Personal Opinion by Prosecutor

Defendant requests that this Court grant him a new trial based on statements made by Assistant District Attorney Lindsay Foster during her closing argument. Specifically, Defendant has taken issue with Attorney Foster's comment, "I wouldn't be standing here if I didn't think he was guilty." Trial Tr. Vol. 2, 46:4-6. At the close of argument, defense counsel made a motion for a mistrial on the basis of Attorney Foster's statement.

When considering a claim of prosecutorial misconduct, "our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one." *Commonwealth v. Solomon*, 25 A.3d 380, 383 (Pa. Super. Ct. 2011). "Not every inappropriate remark by a prosecutor constitutes reversible error." *Commonwealth v. Lopez*, 57 A.3d 74, 84 (Pa. Super. Ct. 2012). "A prosecutor's statements to a jury do not occur in a vacuum, and we must view them in context." *Id.* Improper

2

statements, generally, will not form the basis for a new trial "unless the comments unavoidably prejudiced the jury and prevented a true verdict." *Id.* "[A]ny allegedly improper prosecutorial comments must also be examined within the context of the conduct of defense counsel. If a challenged remark is made in response to the defense's closing argument, it will generally be deemed fair response and hence permissible comment." *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 110 (Pa. 1998).

In the instant case, the Court believes Attorney Foster's comment, when standing alone, is improper. However, the Court also believes it is important to remember that it was just one isolated comment within Attorney Foster's entire closing argument. The Court agrees with the Commonwealth that the comment was in response to defense counsel's argument that she overcharged Defendant, that she was pursuing a conviction and not justice, that she fed answers to Dr. Shapira, and that she purchased a conviction by obtaining expert Emanuel Kapelson's ballistics opinion. Upon review of the entire situation, the Court finds the effect of Attorney Foster's comment was not to prejudice the jury such that it was unable to render a true verdict. Rather, it was just one statement practically lost in an hour-long closing argument. Accordingly, Defendant's Motion for New Trial is DENIED.

### b. Ethical Violations of District Attorney

Defendant also asks for a new trial based on the fact that while in private practice, prior to becoming District Attorney, Stacy Parks Miller represented Defendant in a previous criminal matter. The Commonwealth asserts this Court should deny the Motion for New Trial because Defendant's failure to lodge an objection before or during trial waived this issue. "It is well-settled that a party seeking recusal or disqualification must raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred."

3

*Commonwealth v. Windsor*, 902 A.2d 1245, 1248 (Pa. Super. Ct. 2006). Despite the fact that Defendant was aware of District Attorney Parks Miller's prior representation of him, this Court was never presented with a Motion to Disqualify. Moreover, Defendant does not allege that the District Attorney's prior representation of him is "after-discovered" evidence warranting the grant of a new trial. *Commonwealth v. Bormack*, 827 A.2d 503, 506 (Pa. Super. Ct. 2003).

In *Reilly by Reilly v. SEPTA*, 489 A.2d 1291, 1300 (Pa. 1985), the Supreme Court held that "[o]nce the trial is completed with the entry of a verdict, a party is deemed to have waived his right to have a judge disqualified, and if he has waived that issue, he cannot be heard to complain following an unfavorable result." Though a civil matter dealing with judicial disqualification, the Court believes the same principle of *Reilly* to be applicable to the instant case – Defendant cannot now raise the issue of prosecutorial disqualification following a guilty verdict. Accordingly, the Court finds Defendant has waived this issue, and his Motion for New Trial is DENIED.

### c. Improper Exclusion of Prior Attacks by Copper on Defendant's Dogs

Defendant was found guilty of one count of Cruelty to Animals under 18 Pa.C.S.A §5511(a)(1)(i) which states that "A person commits a misdemeanor of the second degree if he willfully and maliciously: [k]ills, maims or disfigures any domestic animal of another person...." Defendant now alleges that he is entitled to a new trial in light of this Court's improper exclusion of the prior attacks of Defendant's dog by Copper. Specifically, Defendant contends that this ruling put the Defendant in a position where he was not able to testify in his own defense and was thus denied a fair trial.

Under Pennsylvania Rule of Evidence 406, "[e]vidence of a person's habits or an organizations...may be admitted to prove that on a particular occasion the person... acted in

4

accordance with the habit or routine practice." Similarly, "a defendant may offer evidence of the alleged victims pertinent [character] trait." Pa.R.E 404(a). The court "may also exclude [this] relevant evidence if its probative value is outweighed by a danger of...confusing the issues." Pa.R.E. 403.

Here, Defendant attempts to utilize Pa.R.E. 404(a)(2)(B) to introduce evidence of Copper's past violent acts to explain Defendant's state of mind during the offense. The Cruelty to Animal statue, 18 Pa.C.S.A §5511(3), states that the justification defense is applicable only when the dog "is in the act of actually destroying, [pursuing or wounding or killing]...any domestic animal." 18 Pa.C.S.A §5511(3)(i); *Commonwealth v. Ingram*, 926 A.2d 470,475 (Pa. Super. Ct. 2007). Accordingly, Defendant's subjective interpretation of the victim is not relevant because it does not pertain to Copper's behavior at the time of the offense. Copper's past acts have no bearing on whether he was "in the act of actually destroying any domestic animal...." 18 Pa.C.S.A. §5511(3)(i). Moreover, the introduction of this evidence would confuse the jury and suggest the presence of a defense other than the one prescribed by the statute.

Similarly, Defendant claims that evidence of Copper's past acts are admissible because the Commonwealth elicited testimony that the Defendant was entitled to rebut. Specifically, Defendant contends that's the Commonwealth described Copper as a "daycare dog" to demonstrate that Copper is a good-natured dog. Upon review of the trial transcript, the Court disagrees with Defendant's characterization. The Court finds persuasive the Commonwealth's argument that the statement that Copper was a "daycare dog" was to rebut Defendant's implication during opening statements that a specific individual should have supervised the dog and was not the Commonwealth's effort to demonstrate that Cooper is a good-natured dog. Trial Tr. Vol. 1, 58: 2-12.

5

Defendant also claims that because the Commonwealth's expert, Mr. Kapelsohn, suggested to the jury that the Defendant had options other than shooting Copper, the Commonwealth "raised questions that the defense was not permitted to answer." Defendant further argues that Mr. Kapelsohn never reviewed the records from Kolbrooks Veterinary Clinic regarding the injuries sustained by Defendant's dogs after being attacked by Copper, and thus, his testimony was misleading to the jury. However, Mr. Kapelsohn is not a veterinarian, and reviewing the records would have had no bearing whatsoever on his testimony about options available to Defendant when he insisted on using a firearm. Moreover, Copper's past acts are not relevant in addressing whether Defendant had other options.

Defendant's last argument with respect to Mr. Kapelsohn is that his testimony supported the defense that if Defendant fired the gun into the shale bank, the bullet could only have entered Copper's face if Copper was in a pouncing position near the edge of the shale bank. Defendant asserts this would have corroborated his version of events had he been able to take the stand at trial. However, to the extent the record supports Defendant's characterization of Mr. Kapelsohn's testimony, the jury clearly found it not to be a valid defense. For the above reasons, Defendant's Motion for New Trial is DENIED.

### d. Prosecutorial Misconduct – Dr. Shapira's Expert Report

Defendant argues that Attorney Foster subverted the court process by changing and backdating the Commonwealth's expert report from Dr. Shapira. On November 23, 2015, this Court issued an Order granting Defendant's motion to prohibit the Commonwealth from calling Dr. Shapira as an expert. At the time that Order was entered, the Court was unaware of the existence of an opinion letter/expert report from Dr. Shapira. On December 2, 2015, the Commonwealth sought reconsideration of this Order, attaching to its Motion the report that had

6

been sent to defense counsel on or about Monday, June 22, 2015. The Commonwealth also expressed candor to the Court and explained that in meeting with Dr. Shapira prior to trial, he revised his report to include the conclusory language "[m]y opinion as to the cause of Copper Dyke's injuries are based on my knowledge and experience as a veterinarian and are rendered with a reasonable degree of professional certainty." This report was still dated June 22, 2015.

Upon reviewing the Commonwealth's Motion for Reconsideration, and the letter from Dr. Shapira, the Court granted reconsideration on December 3, 2015 and permitted Dr. Shapira to testify as an expert witness at trial. It was abundantly clear that defense counsel had received the first letter from Dr. Shapria on June 22, 2015, and from that point forward was on notice that the opinions contained within the letter were opinions held by a veterinarian. Once this Court ordered that Dr. Shipra could only testify as a lay witness, Attorney Foster confirmed with him that his opinions were rendered within a reasonable degree of professional certainty, and then requested reconsideration. Accordingly, the Court finds that Attorney Foster did not attempt to "subvert" the court process, and Defendant's Motion for New Trial is DENIED.

### e. Error in Jury Charge - Animal Cruelty

Defendant contends that the instruction as given to the jury was incorrect and prejudicial such that he was denied a fair trial—specifically, that an error occurred when the jury instruction included "either/or" phrasing in describing the *mens rea* of willful and malicious when the statute clearly requires that the defendant's act be both willful *and* malicious.

"A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration. The trial court commits an abuse of discretion only when there is an inaccurate statement of law." *Commonwealth v. Jones*, 854 A.2d 1194, 1198 (Pa. Super. Ct. 2008) (quoting

7

*Commonwealth v. Einhorn*, 911 A.2d 960 (Pa. Super. Ct. 2006)). In the present case, counsel for Defendant brought to the attention of the Court that it had incorrectly stated "willfully or maliciously" during its pre-trial instructions. The Court immediately corrected this mistake as follows:

> THE COURT: The lawyers have asked that I correct you because I misspoke a moment ago. When we're talking about cruelty to animals, I said that the elements were first, that an animal was either maimed or disfigured, and that is true. That it's a domestic animal, and that's true. But then I said that the defendant did so willfully or maliciously. And the law requires that it be willful and malicious and not willful or malicious. Just so you're aware of that. It needs to be a willful act that is also malicious, just so you're aware of that.

Trial Tr. Vol. 1, 43. Then, during the charging conference, defense counsel argued that the "either" and "or" should be struck and the instruction should read, "... that is, that he did so with the intent to commit an act that he knew the law would forbid, and by consciously disregarding a substantial and unjustifiable risk." The Court declined to strike the "either/or" and used the standard suggested jury instructions, finding that the language and explanation contained therein was sufficient to explain the charge of Animal Cruelty (18 Pa.C.S.A §5511(a)(1)(i)).

Furthermore, and as the Commonwealth points out, the standard suggested instruction is in lockstep with other suggested instructions containing the "willful and malicious" *mens rea* and the use of "either/or" language to describe that *mens rea*. See Pa.SSJI 15.3930(B) (Crim); Pa.SSJI 15.5511(D) (Crim); and Pa.SSJI 15.3312 (Crim). Accordingly, the Court believes that it acted within its broad discretion in charging the jury, and the use of "either/or" language did not prejudice Defendant nor deny him a fair trial. For these reasons, Defendant's Motion for New Trial is DENIED.

8

## II.    Motion For Judgement of Acquittal

### a.  Sufficiency of the Evidence on the Animal Abuse Cruelty Charge

When considering the sufficiency of evidence, this Court "must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as a verdict winner, support the conviction beyond a reasonable doubt." The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *Commonwealth v. Mobley*, 14 A.3d 887, 889-890 (Pa. Super. Ct. 2011) (quoting *Commonwealth v. Mollett*, 5 A.3d 291, 313 (Pa. Super. Ct. 2010)).

In the present case, Defendant alleges that he is entitled to a judgment of acquittal because the Commonwealth failed to prove both that Copper was maimed or disfigured and that he acted willfully. Specifically, he claims that when "viewing all the evidence admitted at trial in the light most favorable to the verdict winter, there is [not] sufficient evidence to enable the fact-finder" to find that Defendant willfully maimed and/or disfigured Copper. *Ingram*, 926 A.2d 470, 473.

The task of finding whether Copper was in fact "maimed and/or disfigured" relies upon the definition of those terms. Because the statute (Pa.C.S.A §5511(a)(1)(i)) does not define those terms, this Court presented the jury with three definitions of each term so that it could determine whether Copper had been "maimed and/or disfigured." Dr. Shapira testified that Copper had pieces of metal shrapnel under his skin which had penetrated so far into his skull that operating to remove them was a risk not outweighed by the reward. Trial Tr. Vol. 1: 259-260. These pieces remaining inside Copper's head are sufficient evidence such that reasonable inferences could be

9

drawn to support the conclusion that the dog was in fact "maimed and/or disfigured" under any of the definitions given to the jury. *See* Trial Tr. Vol. 2:119-120.

Defendant also claims that the Commonwealth failed to prove he acted willfully because Attorney Foster argued that it was not the Commonwealth's theory that the defendant acted "with intent to commit an act that he knew the law would forbid." Trial Tr. Vol. 2, 7:7-14. However, the evidence presented at trial does not substantiate this claim. For example, Defendant told Trooper Clatch that he had walked through the house to the front room to retrieve the rifle and then went out and shot the dog. Trial Tr. Vol.1, 191: 4-10. The Court finds this statement, combined with the fact that Ms. Dyke heard a gun shot and then found Copper bleeding, provides sufficient evidence such that reasonable inferences could be drawn to support a conclusion that Defendant acted willfully. Tr. Tran. V.1, 92: 15-22. For these reasons Defendant's Motion for Acquittal is DENIED.

## ORDER

AND NOW, this 7th day of April, 2016, Defendant's Post-Sentence Motion is hereby **DENIED**. Defendant has thirty (30) days from the date of this Order to file his appeal. Defendant has the right to assistance of counsel in the preparation of the appeal, and Defendant has the right to appeal *in forma pauperis* and to proceed with assigned counsel as provided in Pennsylvania Rule of Criminal Procedure 122. Defendant has the qualified right to bail under Pennsylvania Rule of Criminal Procedure 521(B).

BY THE COURT:

_____

Thomas King Kistler, Judge

10